# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. EDWARDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT L. BLANCHARD,<br>*Trustee of the Blanchard Family Trust*,<br><br>　　　　Defendant. | Case No. 19-cv-01155 DMS (AHG)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition. For the following reasons, the Court grants Defendant's motion to dismiss.

## I.
## BACKGROUND

In February of 2017, Plaintiff rented a unit located at 844 Grand Avenue #4, Spring Valley, California 91977 from Defendant. (Complaint at 2; D's Mot. at 2.) Plaintiff alleges that soon thereafter window blinds were falling apart and there was an infestation of cockroaches and bed bugs. (Complaint at 2.) Plaintiff also alleges that he had to stay at a hotel for three days while his rental unit was being fumigated

|  1 | but Defendant did not pay for the hotel cost. (*Id*. at 3.) Finally, Plaintiff alleges that |
|  2 | a doctor informed him that bugs were inside his body. (*Id*.) |

On June 19, 2019, Plaintiff filed his Complaint against Defendant, alleging three causes of action. Plaintiff alleges (1) a denial of rights under 42 U.S.C. § 1983 due to Defendant's breach of implied warranty of habitability, (2) a violation of 12 U.S.C. § 1701z-11 because Defendant receives payments from the U.S. Department of Housing and Urban Development, and (3) personal injury as Defendant caused bugs to infect Plaintiff's body. (Complaint at 4.)

## II.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

//
//
//
//

## III.

## DISCUSSION

Defendant moves to dismiss the complaint on the ground that Plaintiff's claims are barred by res judicata. Res judicata, also known as claim preclusion, precludes parties from relitigating issues that were or could have been raised in a prior action, and can serve as the basis for granting a motion to dismiss. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks omitted). A defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6) where, as here, there are no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Here, Defendant asserts that res judicata applies because Plaintiff agreed to a stipulated judgment before Judge Frederick A. Mandabach in the Superior Court of California, County of San Diego, on June 4, 2019.[1] (D's Mot. at 2; D's Decl., Exh. 3.) Defendant contends that all three elements for res judicata are met. (D's Mot. at 2-4.) The Court agrees.

**1. Identity of Claims**

Identity of claims exists "when two suits arise from 'the same transactional nucleus of facts.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (citation omitted). Even "[n]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding

---

[1] On May 7, 2019, Defendant filed a complaint against Plaintiff in Superior Court based on an unlawful detainer for the same rental unit as in this case. (D's Mot. at 2; D's Decl., Exh. 1.) On May 17, 2019, Plaintiff filed an answer in Superior Court. (D's Mot. at 2; D's Decl., Exh. 2.)

if the claims could have been brought in the earlier action." *Id.* If claims are related to the same set of facts and could be conveniently tried together, then there is identity of claims. *See Int'l Union of Operating Eng'rs-Emp'rs Const. Indus. Pension, Welfare & Training Tr. Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993). Plaintiff's claims in this case arise from the same transactional nucleus of facts as in the earlier Superior Court action. Specifically, the Superior Court action involved the same rental unit, and Plaintiff made the same allegations about Defendant violating the implied warranty of habitability. (D's Decl., Exh. 2.) Plaintiff described the same infestation of cockroaches and bed bugs, and having to pay for a three-day hotel stay while his rental unit was being fumigated. (*Id.*) Plaintiff made the same allegation about how his doctor told him that there are bugs in his body. (*Id.*) Accordingly, the Court finds an identity of claims, satisfying the first element for res judicata.

### 2. Final Judgment on the Merits

The remaining elements of res judicata are also met. A state court judgment is a final judgment for purposes of res judicata in federal court. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (federal courts must give same preclusive effect to state court judgments that those judgments would be given in state's own court). Plaintiff and Defendant signed a stipulated judgment before Judge Mandabach in the Superior Court of California, County of San Diego, on June 4, 2019. (D's Decl., Exh. 3.) Accordingly, there was a final judgment on the merits in the first action in state court, satisfying the second element for res judicata.

### 3. Privity between Parties

Finally, the parties involved in the earlier Superior Court action and in the present case are identical. The third element of res judicata is clearly met. Because all the elements for res judicata are met, the Court finds Plaintiff's claims against the Defendant are barred by the doctrine of res judicata. Thus, Defendant's motion to dismiss is granted with prejudice.

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, Defendant's motion to dismiss is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  November 5, 2020

Hon. Dana M. Sabraw
United States District Judge